Jon P. Jacobs (SBN 205245)
Ryan H. Gomez (SBN (305208)
LAW OFFICES OF JON JACOBS
5701 Lonetree Blvd., Suite 202
Rocklin, CA 95765
Telephone: (916) 663-6400
Facsimile: (916) 663-6500
jon@lemonbuyback.com
ryan@lemonbuyback.com

Terry L. Baker (CA SBN 214365)
820 Bay Avenue, Suite 230L
Capitola, CA 95010
Telephone: (831) 476-7900
Facsimile: (831) 476-7906
tbaker@consumerlawgroup.net

Attorneys for Plaintiffs
DAVID FORKUM, and
JOANNE FORKUM

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID FORKUM, and JOANNE FORKUM,<br><br>Plaintiffs,<br><br>v.<br><br>THOR MOTOR COACH, INC.; and DOES ONE through TEN,<br><br>Defendant. | CASE NO.: 2:17-CV-02196-TLN-CKD<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANT THOR MOTOR COACH, INC.'S MOTION TO TRANSFER VENUE TO INDIANA FEDERAL COURT PURSUANT TO 28 U.S.C. § 1404(a)** |

Plaintiffs DAVID FORKUM and JOANNE FORKUM ("Plaintiffs") hereby oppose Defendant Thor Motor Coach Inc.'s ("Defendant") Motion to Transfer Venue to Indiana Federal Court Pursuant to 28 U.S.C. § 1404(a) as follows:

Attached to Defendant's motion is Thor Motor Coach's Limited Warranty that has a Julian Date of June 1, 2016 (hereinafter the "Motion Warranty"). Def.'s Mot. Transfer Venue ECF No. 6-10, Decl. Mark D. Stanley Exh. C. This **is not** the warranty provided to Plaintiffs. At the time of purchase, Plaintiffs were given a Thor Motor Coach's Limited Warranty with a Julian Date of January 20, 2015 (hereinafter "Plaintiffs' Warranty"). Decl. David Forkum Exh. A. Given that there is a material issue of fact regarding what warranty applies to the motor home

that is the subject of this lawsuit, this Court should hold an evidentiary hearing to determine which warranty controls.

However, and regardless of the outcome of the evidentiary hearing, this Court should deny Defendant's motion. Assuming Plaintiffs' Warranty is the applicable warranty then Defendant has brought the incorrect motion, since this Court cannot transfer this action to a state or foreign tribunal. 28 U.S.C. § 1404(a). Assuming the Motion Warranty is applicable then no contractual relationship has been formed, since the forum selection clause in the Motion Warranty is wholly void. *Rosenthal v. Great W. Fin. Sec. Corp.*, 14 Cal. 4th. 394, 420 (Cal. 1996).

Part I of this opposition will show that venue is proper in the Eastern District of California. Part II will assume that Plaintiffs' Warranty is the controlling warranty, and will show that Defendant's motion should be denied. Part III of this opposition will assume that the Motion Warranty is the controlling warranty, and will again show why Defendant's motion should be denied. Ultimately, this Court should deny Defendant's motion.

## I.
## Eastern District of California is the Proper Venue

As explained in *Atlantic Marine Construction Co., Inc. v. U.S. Dist. Court for the Western Dist. of Texas*, 134 S. Ct. 568 (2013), a contractual forum selection clause has no bearing on whether venue is proper. Rather, venue is proper when the case "falls within one of the three categories set out in [28 U.S.C.] § 1391(b)." *Id.* at 577. If the case does fall within the purview of § 1391(b), then venue is proper; if it does not, then venue is improper and the case should be dismissed or transferred. *Id.*

Section 1391(b) specifies that venue is proper in one of three instances:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; [or]

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

In the present action the Eastern District of California is the proper venue under subsection two.

This case concerns the purchase and attempted repairs of a defective motor home. Plaintiffs purchased that motor home at La Mesa R.V. Center, Inc. in Davis, CA in the county of Yolo. Decl. David Forkum ¶ 5. To date, all attempted repairs have taken place at La Mesa R.V. Center, Inc. in Yolo County. Decl. David Forkum ¶ 6. Further, the motor home is situated in Roseville, CA in the county of Placer. Decl. David Forkum ¶ 7. Under 28 U.S.C. § 84(b), the Eastern District of California has jurisdiction over Yolo and Placer County in California.

Since a substantial part of the events or omissions giving rise to Plaintiffs' claim—the purchase and attempted repair of the subject motor home—occurred in Yolo County, and since the subject motor home is situated in Placer County, and since this Court has jurisdiction over Yolo and Placer County, venue is proper under 28 U.S.C. § 1391(b)(2) in the Eastern District of California.

II.

Plaintiffs' Warranty

Assuming Plaintiffs' Warranty is the correct warranty that applies to the motor home, then the applicable forum selection clause reads:

> **LEGAL REMEDIES: ANY LEGAL ACTION TO ENFORCE WARRANTY RIGHTS AGAINST TMC MUST BE BROUGHT WITHIN THE COUNTY OF ELKHART, STATE OF INDIANA.** THIS WARRANTY GIVES YOU SPECIFIC LEGAL RIGHTS. YOU MAY ALSO HAVE OTHER RIGHTS, WHICH VARY FROM STATE TO STATE.

Decl. David Forkum Exh. A (emphasis in the original).

Ignoring that fact that Plaintiffs have filed this action to enforce *statutory rights*, as opposed to "warranty rights," against Defendant, this clause clearly contemplates that any action must be brought within Elkhart County in Indiana. By its terms, 28 U.S.C. § 1404(a) does not permit a federal court to transfer an action to a tribunal other than another federal court. Atlantic Marine Constr. Co., Inc. v. U.S. D. Ct. for the Western D. of Tex., 134 S. Ct. 568, 576 (2013).

There is in fact no United States District Court located in Elkhart County. Decl. Ryan H. Gomez ¶ 3.

There is, presumably, a state court located in Elkhart County in Indiana; however, a motion to transfer venue is the wrong mechanism to enforce a forum selection clause that points to a state or foreign forum. *Atlantic Marine*, 134 S. Ct. at 580. Since Defendant's Motion to Transfer Venue would require this Court to "transfer" the action to a state court in Indiana—a legal impossibility—this Court should deny Defendant's present motion.

### III.
### Motion Warranty

Assuming that the Motion Warranty applies to the motor home that is the subject of this lawsuit, then the applicable forum selection clause reads, *in full*:

> **LEGAL REMEDIES: EXCLUSIVE JURISDICTION FOR DECIDING LEGAL DISPUTES RELATING TO ALLEGED BREACH OF WARRANTY OR REPRESENTATION OF ANY NATURE MUST BE FILED IN THE COURTS WITHIN THE STATE OF MANUFACTURE, WHICH IS INDIANA. ALSO, THE LAWS GOVERNING ALL DISPUTES OR CLAIMS ARISING OUT OF THE SALE, PURCHASE, OR USE OF THE MOTORHOME SHALL BE THOSE OF THE STATE OF MANUFACTURE, WHICH IS THE STATE OF INDIANA.** THIS WARRANTY GIVES YOU SPECIFIC LEGAL RIGHTS. YOU MAY ALSO HAVE OTHER RIGHTS, WHICH VARY FROM STATE TO STATE AND PROVINCE TO PROVINCE.

Def.'s Mot. Transfer Venue ECF No. 6-10, Decl. Mark D. Stanley Exh. C (emphasis in original).

Plaintiffs concede that if this were the applicable forum selection clause, then a motion to transfer venue would be the proper procedural mechanism for enforcement. However, this Court should still deny Defendant's motion because: (A) the forum selection and choice of law provision would waive Plaintiffs' rights in violation of California public policy; and, more importantly, (B) there is no contractual agreement as to the Motion Warranty.

**A.    Enforcement of the forum selection and choice of law clause would waive Plaintiffs' unwaivable rights and diminish Plaintiffs' substantive rights.**

Defendant states, "[t]here is no choice of law clause in the Thor Motor Coach's limited express warranty." Def.'s Mot. Transfer Venue ECF No. 6-1 at 8. However, this is not correct. The forum selection clause in the Motion Warranty specifically states: "**ALSO, THE LAWS**

4

**GOVERNING ALL DISPUTES OR CLAIMS ARISING OUT OF THE SALE, PURCHASE, OR USE OF THE MOTORHOME SHALL BE THOSE OF THE STATE OF MANUFACTURE, WHICH IS THE STATE OF INDIANA.**" Def.'s Mot. Transfer Venue ECF No. 6-10, Decl. Mark D. Stanley Exh. C. Clearly, this is a choice of law clause.

Defendant apparently acknowledges that the Motion Warranty contains a choice of law clause because it "stipulates by this motion that all of the provisions of Song–Beverly will apply to plaintiffs' claims pursued in an action in Indiana." Def.'s Mot. Transfer Venue ECF No. 6-1 at 7-8. Unfortunately, and as found to be problematic in *Verdugo v. Alliantgroup, L.P.*, 237 Cal. App. 4th 141 (Cal. Ct. App. 2015), Defendant has not "eliminated any doubt about which law [will] apply to [plaintiffs'] claims" by stipulating that Song–Beverly will apply. *Verdugo*, at 145. Song–Beverly is only part of Plaintiffs' claims. What about other applicable California and federal law?

The Motion Warranty's choice of law provision states that Indiana law will govern all breach of warranty claims. What about Plaintiffs' federal Magnuson–Moss Warranty Act claims? Somewhat ironically, Defendant, by this motion, has admitted to violating 15 U.S.C. § 2302 *et seq.* by failing to provide the warranty to Plaintiffs at the time of purchase. Plaintiffs would be giving up their substantive rights under federal law if the forum selection and choice of law provision contained in the Motion Warranty were enforced.

Further, what about the other areas of California law that may apply to Plaintiffs' claims? Initially, there is a host of California contractual law, both statutory and case, that applies to Plaintiffs' claims concerning the purchase and repair of Plaintiffs' motor home. This substantive law underscores the Song–Beverly Consumer Warranty Act, and the consequences of applying other state law to Song–Beverly are unknown. Additionally, the California Uniform Commercial Code is intended to be coextensive with the Song–Beverly. Cal. Civ. Code §§ 1790.3, 1790.4. What about Plaintiffs' rights under the California UCC? What about the present motion?

While California generally favors contractual forum selection clauses, "California Courts will refuse to defer to the selected forum if to do so would substantially diminish the rights of California residents in a way that violates our state's public policy." *Verdugo*, at 147 (internal

citation omitted). Defendant has already acknowledged one way that enforcement of the forum selection and choice of law clause would violate this state's public policy: it would waive Plaintiffs' rights under Song–Beverly in contravention of *California Civil Code* § 1790.1. And, Plaintiffs' substantive rights under Song–Beverly are inextricably intertwined with other substantive California law that Defendant has not stipulated will apply.

As in *Verdugo* Defendant has not shown that enforcement of the forum selection and choice of law clause would not diminish Plaintiffs' substantive and unwaivable rights. Therefore this Court should deny Defendant's motion, as enforcement of the forum selection and choice of law provision would waive Plaintiffs' unwaivable rights, and diminish Plaintiffs' substantive rights.

**B.     There is no contractual agreement to the forum selection and choice of law clause contained in the Motion Warranty.**

It is well settled that a *contractual*[1] forum selection clause should ordinarily be enforced, unless the party opposing its enforcement can show that enforcement would be unreasonable and unjust. Petersen v. Boeing Co. 108 F. Supp. 3d 726, 729 (D. Ariz. 2015) (quoting M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 15 (1972)). Further, it is well established that in order to enforce a contractual forum selection clause, there needs to be an actual contract. *Cf.* Atlantic Marine Constr. Co., Inc. v. U.S. D. Ct. for the Western D. of Tex., 134 S. Ct. 568, 581 n.5 (2013). Here, there is no contractual relationship between the Plaintiffs and Defendant with regard to the Motion Warranty's forum selection clause, and therefore it is void.

It is axiomatic that in order to have a contract, in any jurisdiction, there needs to be a meeting of the minds as to what the contract is. Defense counsel misrepresents, assumedly unintentionally, that Plaintiffs agreed to and acknowledged agreeing to the Motion Warranty. This is simply not the case. Plaintiffs have never seen the Motion Warranty, and it was never provided or presented to them at the time of sale. Decl. David Forkum ¶ 4. What Plaintiffs actually agreed to, which they acknowledged via a signed Registration and Acknowledgement of

---

[1] Plaintiffs would like to preserve any argument as to the non-contractual nature of consumer warranties, but will proceed under the current framework for contractual forum selection clauses.

Receipt of Warranty and Product Information, was Plaintiffs' Warranty. Decl. David Forkum ¶¶ 3, 4. The two warranties are distinct and differ in important ways.

As stated in *Rosenthal v. Great Western Fin. Securities Corp.*, 14 Cal. 4th 394, 420 (1996), "[a] contract may … be held wholly void, despite the parties' apparent assent to it, when, "'without negligence on his part, a signer attaches his signature to a paper assuming it to be a paper of a different character.'" (*quoting* C.I.T. Corp. v. Panac, supra, 25 Cal. 2d 547, 549 (Cal. 1944)). Whatever apparent assent there is to the Motion Warranty due to the signed Registration and Acknowledgement of Receipt of Warranty and Product Information, Plaintiffs' assumed they were acknowledging Plaintiffs' Warranty, and therefore the Motion Warranty and its forum selection clause is void.

The case law concerning enforcement of forum selection and choice of law clauses presupposes a valid contract. *Cf. Atlantic Marine*, 134 S. Ct. at 581 n.5. If there is no contractually valid forum selection and choice of law clause, then there is nothing for a court to enforce. The facts of this case show that there is no valid contract concerning the Motion Warranty, and therefore there is no valid forum selection clause for this Court to enforce.

Since there is no valid contract concerning the Motion Warranty's forum selection clause, this Court should deny Defendant's motion even assuming that the Motion Warranty is the warranty applicable to the motor home that is the subject of this lawsuit.

IV.

Conclusion

Since there are material issues of fact concerning whether Defendant's limited warranty with a Julian Date of June 1, 2016 or Defendant's limited warranty with a Julian Date of January 20, 2015, applies to the motor home that is the subject of this lawsuit, this Court should hold an evidentiary hearing to determine which warranty is applicable. The outcome of that evidentiary hearing will determine whether the warranty that Plaintiffs received at the time of sale applies, or whether Defendant has potentially violated state and federal consumer protection statutes by failing to provide the applicable warranty at the time of sale.

7

Forkum, *et al.* v. Thor Motor Coach, Inc., *et al.*                    Opposition to Mot. to Transfer Venue

However, and regardless of the outcome of that evidentiary hearing, this Court should deny Defendant's present motion since: (1) venue is proper in the Eastern District of California; (2) a motion to transfer venue is the incorrect procedural mechanism, or (3) there is no contractual relationship as to the Motion Warranty's forum selection clause.

Dated: December 28, 2017                                  LAW OFFICES OF JON JACOBS

/s/ Ryan H. Gomez
Jon P. Jacobs
Ryan H. Gomez
Attorneys for Plaintiffs
DAVID FORKUM, and
JOANNE FORKUM,